UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER JOHNSON,

    Plaintiff,

v.                    Case No:   2:19-cv-640-FtM-38NPM

THE STATE OF FLORIDA, The Governor,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court on the Amended Claim, filed on November 4, 2019. (Doc. 8).[2]  Also before the Court is Affidavit of Indigency, filed on September 4, 2019. (Doc. 2).  For the reasons explained below, the Court recommends that the Affidavit of Indigency, construed as a motion for leave to proceed in forma pauperis, be denied and this action be dismissed.

When an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915.[3]  Section 1915(e)(2)(B) requires the Court

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2]  The Court previously allowed Plaintiff to file an Amended Complaint to allege subject matter jurisdiction.  (*See* Doc. 6).

[3] This statute section governs in forma pauperis actions instituted by prisoners, but has

to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915. A complaint is considered frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *see also Ebron v. Immigration and Customs Enforcement*, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. Apr. 7, 2014) ("Actions may be frivolous in their factual allegations or in their legal theories.").

The Court recognizes that when reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. *Kinlaw v. Putnam Cty. Sheriff's Office Det. Ctr.*, No. 3:19-CV-385-J-39JRK, 2019 WL 1676203, at *1 (M.D. Fla. Apr. 17, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)). But this duty to construe a pro se litigant's pleadings liberally does not require the Court to act as an attorney for the pro se party or obligate the Court to rewrite a deficient pleading. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Pro se litigants are also required to conform to the procedural rules. *Tsidhqiyah El v. US Sec'y of State*, No. 6:18-MC-42-ORL-41DCI, 2018 WL 6621371, at *1 (M.D. Fla. Sept. 10, 2018), *report and recommendation adopted sub nom. Geysi Tsidhqiyah EL v. US Sec'y of State*, No. 6:18-MC-42-ORL-41DCI, 2018 WL 5807507 (M.D. Fla. Nov. 6, 2018).

In the instant case, Plaintiff brings this action against the State of Florida "via the Governor of Florida." (Doc. 8, p. 1). Plaintiff alleges this action arises under violations

---

been interpreted to apply to all litigants requesting leave to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

of Florida "and/or U.S. Constitution or the U.S.'s treaties while I was at Ave Maria School of Law and visiting Ave Maria Town.  28 U.S. Code § 1331."  (*Id.*).  Plaintiff claims that "Florida is grossly negligent in the operation of the State of Florida and violated my Constitutional Rights and my Civil Rights because of their involvement and my involvement with Ave Maria, Florida and Ave Maria Law School."  (*Id.*).  Although not entirely clear, it appears that Plaintiff alleges that former Governor Jeb Bush "created an Unconstitutional space by signing the town of Ave Maria into law," citing to a provision "that does not allow for Police or regulatory powers."  (*Id.*).  Plaintiff also alleges that "the town is centered around a Catholic Institution and Catholicism or Tom Monaghan as a dictator violating Florida Statutes including 876.23."  (*Id.*).  Plaintiff further alleges that the State of Florida "created and empowered Tom Monaghan, leading to the formation of the Law School, Ave Maria School of Law," which Plaintiff attended between August 2016 to September 2017.  (*Id.*, pp. 1-2).  Plaintiff complains that this somehow "strip[ed] humans . . . of Constitutional rights."  (*Id.*, p. 2).

In a nutshell, Plaintiff contends that, by their very existence, Ave Maria Town, Ave Maria School of Law, and the Knights of Columbus at Ave Maria School of Law violate the U.S. Constitution, the Florida Constitution, and Florida statutes concerning subversive activities and treason.[4]  (*Id.*).

Plaintiff complains that Ave Maria town "does not allow the sale of condoms or pornographic materials and penalizes people for having those items   Second, the town

---

[4]  Florida Statute Sections 876.22 and 876.23 concern subversive activities and Florida Statute Section 876.32 concerns treason.   Other than in conclusory statements, Plaintiff fails to show how these statute sections apply to any act or omission by either Ave Maria Town and/or Ave Maria School of Law.

does not allow anyone to exist in Ave Town that isn't deemed 'Catholic' or 'Conservative' or 'Catholic Conservative.'" (*Id.*, p. 4). And Plaintiff further alleges that Ave Maria Town and Ave Maria School of Law violate the 13th Amendment by "forcing involuntary servitude" and should be "held accountable via the 14th Amendment of the U.S. Constitution because of the due process clause." (*Id.*, p. 3). Finally, Plaintiff alleges that some clubs at Ave Maria School of Law "and Catholicism itself" violated his civil rights "and/or Faculty or Students, because of the clubs, violated my Civil Rights due to discrimination and violations of the U.S. and Florida Constitution. *42 U.S. Code § 1983*." (*Id.* (alteration in original)).

Plaintiff seeks $20,000,000.00 "or a sum equal to the greatest amount financially possible to make myself whole again and for damages due to gross and extreme negligence, violations of my rights, and pain and suffering, but not limited to, because of the time spent at Ave Law and since, which were all associated to Ave Law School directly and since and The State of Florida empowering this school." (*Id.*, p. 5).

To bring a federal action, a plaintiff must have constitutional standing and an actual case and controversy. *Worthy v. City of Phenix City , Alabama*, 930 F.3d 1206, 1213 (11th Cir. 2019); U.S. Const., art. III, § 2. A plaintiff must establish these elements: (1) "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative, that the

injury will be redressed by a favorable decision." *Id.* at 1213-14 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Even if Plaintiff could show that he somehow suffered an injury in fact, which is unlikely, he has shown no causal connection between any alleged injury and the actions of Defendant the State of Florida via the Governor. Thus, Plaintiff lacks standing to bring this action.

As the Court explained in its September 19, 2019 Order, Plaintiff's allegations do not amount to a cognizable claim in federal court against the State of Florida via the Governor. Under Fed. R. Civ. P. 8, a pleading must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). Here, Plaintiff failed to provide a short plain statement of the court's jurisdiction as well as a short plain statement of his claim showing he is entitled to relief. And Plaintiff failed to allege facts that show his constitutional rights were violated by this Defendant. Plaintiff also failed to describe clearly <u>how the named defendant</u>, the State of Florida via the Governor, is involved in the alleged claims. More than conclusory and vague allegations are required to state a cause of action.

Further, under Fed. R. Civ. P. 10:

A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Plaintiff failed to separate each allegation into a numbered

paragraph, and failed to put each claim into a separate count. Nor did Plaintiff provide support in the statement of facts for the claimed violations. Again, more than conclusory and vague allegations are required to state a cause of action. Importantly, in this case, Plaintiff is suing The State of Florida via the Governor, yet, many if not most of the allegations are against or related to the conduct of Ave Maria School of Law and to a lesser extent Ave Maria Town. Thus, Plaintiff has not set forth a cognizable federal claim against the State of Florida and/or the Governor in this case.

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

(1) The Affidavit of Indigency, construed as a motion to proceed in forma pauperis, (Doc. 2) be denied.

(2) The Amended Complaint (Doc. 8) be dismissed.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 11, 2019.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

- 7 -

Copies furnished to:

Counsel of Record
Unrepresented Parties


- 7 -

Copies furnished to:

Counsel of Record
Unrepresented Parties